IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                             4:07-CR-00300-02-WRW

**GOLDIE LUJOYCE HOLT**

**AMENDED ORDER OF RESTITUTION**

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office and received by the Court[1] reads, in relevant part:

> The defendant reported she received $99,000 from an insurance settlement during March 2008, which she placed in her boyfriend's personal savings account. The defendant reported the money is in her partner's account in order to draw a higher rate of interest. She reported the current balance of the money is $65,000.

During the sentencing hearing on July 18, 2008, the Prosecution asserted that the day before -- July 17, 2008 -- Defendant used $44,000[2] of the savings account funds as a down payment on a home. Defendant did not dispute this.[3] I continued the July 18, 2008 sentencing hearing so the parties could brief me more fully in the premises regarding the $44,000 down payment and the Mandatory Victims Restitution Act ("MVRA") issues.

It is undisputed that in March of 2008, Defendant acquired $99,000 from an insurance settlement, and deposited the money into her boyfriend's bank account. On April 8, 2008, Defendant pled guilty to the charges in the indictment, and, in the plea agreement, stipulated to a restitution amount of $265,747.32. By July 3, 2008, the funds in the bank account were diminished to $65,000 -- Defendant apparently spent $34,000 in four month.[4] The day before sentencing, Defendant gave

---

[1] Defendant filed objections to the PSR, but none of her objections addressed this language. See Doc. No. 51.

[2] Defendant now asserts, and has provided evidence, that she gave $43,540 to her boyfriend to make a down payment on a new home. See Doc. No. 69.

[3] Doc. No. 60.

[4] Doc. No. 69.

1

$43,540 to her boyfriend to make a down payment on a new home.[5]  Considering that Defendant spent nearly $78,000 in four months, I find that she has the means or assets to make an additional lump sum payment -- at a minimum she has $43,540 in equity in the home that was purchased on July 17, 2008, as well as the remaining balance of funds from the insurance settlement, which should be around $20,000.

## CONCLUSION

As was ordered at the sentencing hearing, Defendant must pay $265,747.32 in restitution.[6]  Based on the agreement between the parties, Defendant must liquidate the real property in Mabelvale, Arkansas identified in Note B of the PSR, the 1991 Camaro identified in the PSR, and any other property to make a $10,000 lump sum restitution payment within 60 days of the judgment -- which I believe was due this week.  During incarceration, Defendant will pay toward restitution 50% of all funds available to her.  Following incarceration, Defendant must pay 10% of her gross monthly income toward restitution.[7]

The payment schedule is modified to also include the following: Defendant is ordered to make a lump sum restitution payment of $43,540[8] within 60 days of the date of this Order.

Defendant's Motion for Reconsideration (Doc. No. 69) is DENIED.

IT IS SO ORDERED this 25th day of September, 2008.

                                              /s/ Wm. R. Wilson, Jr.          
                                              UNITED STATES DISTRICT JUDGE

---

[5] Doc. No. 69.

[6] Doc. No. 57.

[7] Doc. No. 63.

[8] I find this amount reasonable based on the fact that Defendant has a minimum of $43,540 in assets -- the amount of equity in the home and the $20,000 remaining from the insurance settlement.  However, this Order does not require that payment of the $43,540 come from any specific asset.  See *United States v. Jaffe*, 417 F.3d 259, 265-66 (2d Cir. 2005) (Rejecting the defendant's argument that the lump sum payment would force him to sell his home, and concluding that a restitution order that "leaves the choice of assets to be tapped" to the defendant is acceptable.  The court also found that under the MVRA, restitution "may be enforced against 'all property or rights to property of the person,'" and that residences are not an exemption under the MVRA.).